IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONOVAN R. SHIELDS,

        Plaintiff,

   vs.

RAYMOND ANDREWS, et al.,

        Defendants.

CV F 05 0107 REC WMW P

ORDER DISMISSING COMPLAINT
WITH LEAVE TO AMEND

      Plaintiff is a federal prisoner proceeding pro se.  Plaintiff seeks relief pursuant to Bivens v. Six Unknown Agents, 403 U.S. 388 (1971) and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      A Bivens cause of action is a judicially created counterpart to 42 U.S.C. § 1983 for claims against federal officers.  Since federal officials do not ordinarily act under color of state law, constitutional violations by federal officials are generally beyond the reach of § 1983.  Bivens established that "victims of a constitutional violation by a federal agent have a right to

1

recover damages against the official in federal court despite the absence of any statute conferring such a right." Bivens, 403 U.S. at 396.

Plaintiff, an inmate in the custody of the U.S. Bureau of Prisons at the Federal Correctional Institution at Taft, brings this action against correctional officials employed at Taft for deliberate indifference to his medical needs. Plaintiff names the following individual defendants: Warden Raymond Andrews; Deputy Warden Daniel Buckles; Dr. Michal Pham; Dr. John Hinz;Dr. Robert Spack;Dr. Holly Dirk Layport;Dr. Ndukwe Odoluga; Ms. Wofford.

Under the Eighth Amendment, the government has an obligation to provide medical care to those who are incarcerated. See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). "In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'" Id. (quoting Estelle v. Gamble, 429 U.S. 97. 104 (1976)). Lopez takes a two-prong approach to evaluating whether medical care, or lack thereof, rises to the level of "deliberate indifference." First, a court must examine whether the plaintiff's medical needs were serious. See Id. Second, a court must determine whether "officials intentionally interfered with [the plaintiff's] medical treatment." Id. at 1132.

Here, plaintiff levels generalized allegations of inadequate medical care, but he does not charge each individual defendant with conduct that constitutes deliberate indifference. The crux of plaintiff's complaint is that he has valley fever and would like to be transferred to another facility. Plaintiff does not, however, allege facts specific to each defendant. Plaintiff does not allege facts indicating that each defendant knew of a specific harm to plaintiff's health, and acted with deliberate indifference to that harm. A generalized allegation that plaintiff has valley fever and has not been transferred is insufficient to state a claim for relief. Plaintiff must allege facts showing that each defendant acted with deliberate indifference as that term is defined above.

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

1  In accordance with the above, IT IS HEREBY ORDERED that:

2  1. Plaintiff's complaint is dismissed; and

3  2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint."IT IS SO ORDERED.

Mmkd34**Dated:   March 16, 2006**          /s/  **William M. Wunderlich**
                                          UNITED STATES MAGISTRATE JUDGE

4